**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LILLIE LOUISE LUCAS, *et al.*,<br><br>Defendants. | Case No. 4:26-cr-75 |

**DEFENDANT LILLIE LOUISE LUCAS'S MOTION**
**TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

Defendant Lillie Louise Lucas, by counsel, respectfully moves the Court under Federal Rule of Criminal Procedure 7(d) to strike as surplusage the paragraphs and portions of the Indictment identified below. These allegations appear in the Indictment's introductory BACKGROUND and GENERAL ALLEGATIONS sections. None states or bears on an essential element of any offense charged against Senator Lucas. Each instead supplies gratuitous, inflammatory matter designed to prejudice rather than to inform. The grounds supporting this motion are set forth in the accompanying memorandum.

**MEMORANDUM IN SUPPORT**

## I. PRELIMINARY STATEMENT

Senator Lucas is asking the Court to vindicate the purpose of Fed. R. Crim. P. 7(d) and excise allegations that have no bearing on the elements the Government must prove and that were included only for their prejudicial effect. Rule 7(d) protects a defendant from prejudicial allegations of irrelevant or immaterial facts. Unfortunately, prosecutors have been known to insert unnecessary allegations for "background," hoping that these will stimulate the interest of the jurors. § 128 Amendment of Indictments; Surplusage, 1 Fed. Prac. & Proc. Crim. § 128 (5th ed.).

Among the offending allegations are references to a 2020 incident in which Senator Lucas was arrested in connection with a protest about confederate civil war monuments. Those charges were dismissed. Nevertheless, they appear in the Indictment in an apparent effort to smear her character and suggest some propensity to commit crime. The core harm of such propensity allegations is prejudice: the risk that the jury will treat charging rhetoric as proof of bad character. The danger is acute because, as the Fourth Circuit has acknowledged, to the layman's mind, a defendant's criminal disposition is logically relevant to his guilt or innocence of a specific crime, even though drawing that inference "would be improper." *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979).

Fed. R. Crim. P. 7(c)(1) confines an indictment to "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(d) empowers the Court to "strike surplusage from the indictment or information." Fed. R. Crim. P. 7. The paragraphs identified below are not essential facts; they are rhetoric. While those irrelevant, unnecessary and prejudicial statements have already been circulated widely to the public, Senator Lucas files this motion promptly, before trial, so that those statements can be removed in advance of any proceeding at which the Indictment or its contents could reach a jury.

## II. LEGAL STANDARD

The purpose of Rule 7(d) is "to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory." *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979). The Advisory Committee Note confirms that the Rule "introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7. Courts outside this Circuit describe the purpose identically:

Rule 7(d) exists "to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Laurienti*, 611 F.3d 530, 546-547 (9th Cir. 2010) (quoting *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988)).

In this Circuit, a motion to strike surplusage from the indictment should be granted "if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733-734 (4th Cir. 2006). That standard is readily met here. Where both conditions are met—irrelevant *and* inflammatory—courts do not hesitate to strike. *See, e.g.*, *United States v. Groos*, 616 F. Supp. 2d 777, 790 (N.D. Ill. 2008) (striking background paragraphs where the material was not relevant to the elements and references to "national security and terrorism are likely to inflame passions that could cause jurors to judge the facts more harshly"); *United States v. Cohen*, No. 2:17-cr-00114-APG-CWH, 2018 WL 3822466, at *2 (D. Nev. Aug. 10, 2018) (striking prior-conviction allegations as "prejudicial and inflammatory under Rule 7(d) given the nature of the . . . offenses . . . charged"). The paragraphs challenged here satisfy both prongs: they are untethered to any element and they are inflammatory.

The remedy is committed to the Court's discretion and is reserved for clear cases. *Poore*, 594 F.2d at 41. Matter that "can fairly be described as 'surplus'" and "is irrelevant and prejudicial" may be struck. *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997). The Fourth Circuit has applied that principle and found that refusing to strike unnecessary, prejudicial language in an indictment was an abuse of discretion, in both directions. In *Poore*, the defendant had stipulated to a prior felony and the nature of that felony was therefore "not a necessary element" of the charge; the court held that refusing to strike the "unnecessary language descriptive of that felony conviction" was an abuse of discretion, because the descriptive matter was not admissible to prove any element and the resulting prejudice was "clear." *Poore*, 594 F.2d at 41. Courts across the

circuits have struck comparable non-elemental, prejudicial matter. *See*, *e.g.*, *Groos*, 616 F. Supp. 2d 777 (striking inflammatory background material not tied to the elements); *United States v. Griffin*, No. 11-CR-30, 2011 WL 3348030, at *2 (E.D. Wis. June 22, 2011) (striking prior-conviction allegations that "are not relevant to the crimes charged and present a potential to prejudice and inflame the jury"); *United States v. Walton*, No. 2:12-cr-00311-APG, 2013 WL 6409875, at *11 (D. Nev. Dec. 6, 2013) (striking a prior-conviction reference "as prejudicial surplusage pursuant to Federal Rule of Criminal Procedure 7(d)"); *United States v. Montoya-Echeverria*, 991 F. Supp. 2d 1048 (N.D. Iowa 2013) (striking a prior-conviction paragraph as surplusage because it was not an element); *United States v. DeFabritus*, 605 F. Supp. 1538, 1547 (S.D.N.Y. 1985) (striking language that "would lead the jury to draw improper inferences regarding other crimes not charged in the indictment").

The relevance inquiry tracks ordinary evidentiary principles. Evidence is relevant only if it has "any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded when its probative value "is substantially outweighed by a danger of" unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. The allegations challenged here fail at the threshold: they have no tendency to prove any fact of consequence to the charged offenses, and their only discernible function is to cast Senator Lucas and her co-defendants in the most damning possible light.[1]

[1] Nothing in this motion asks the Court to resolve the admissibility of evidence at trial. As a court in this Circuit has observed, a Rule 7(d) ruling on relevance and prejudice is "limited to whether [allegations] should be struck as surplusage," and is distinct from "whether the corresponding evidence is admissible under the Federal Rules of Evidence." *United States v. Indivior Inc.*, 451 F. Supp. 3d 553, 562 n.2 (W.D. Va. 2020).

## III. THE CHARGES AGAINST SENATOR LUCAS

Senator Lucas is named in Counts One through Five. INDICTMENT at 1. Count One charges racketeering conspiracy under 18 U.S.C. § 1962(d); Count Two charges conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana under 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B); Count Three charges conspiracy to launder money under 18 U.S.C. § 1956(h); Count Four charges conspiracy to commit honest services wire fraud under 18 U.S.C. §§ 1349, 1343, and 1346; and Count Five charges maintaining a drug-involved premises under 21 U.S.C. § 856(a)(2). INDICTMENT at 15, 30, 32, 33, 35.

The elements of these offenses concern an agreement to distribute marijuana and the quantity involved, the conduct of an enterprise's affairs through a pattern of racketeering, the laundering of unlawful proceeds, the deprivation of honest services through bribery, and the knowing maintenance of premises for drug activity. The health consequences of controlled substances Senator Lucas is not charged with distributing, the pharmacological profile of unrelated drug schedules, and Senator Lucas's unrelated political history in 2020 are not among them.

## IV. ARGUMENT

### A. The Indictment's descriptions of Schedule II and Schedule IV controlled substances (¶¶ A.c, A.e) are irrelevant and inflammatory.

Paragraph A.c of the BACKGROUND section describes Schedule II substances and then adds: "Certain Schedule II drugs can be crushed and snorted, or dissolved and injected, to get an immediate high. This abuse can lead to addiction, overdose, and sometimes death." INDICTMENT at 2. Paragraph A.e defines Schedule IV substances. INDICTMENT at 3.

Senator Lucas is charged with offenses involving marijuana and nothing else. The Indictment itself alleges that marijuana is classified as Schedule I or, for licensed medical and FDA-approved products, Schedule III. INDICTMENT at 3. Marijuana is neither a Schedule II nor

a Schedule IV substance. The elements the Government must prove under 21 U.S.C. §§ 846, 841, and 856 have nothing to do with how other, uncharged drugs are abused or with their lethal potential. Allegations describing the snorting and injection of Schedule II narcotics, and death by overdose, have no tendency to prove any fact of consequence to a marijuana prosecution. Fed. R. Evid. 401.

Their only function is to inflame. Associating Senator Lucas's charged conduct with imagery of hard-drug addiction, overdose, and death invites the precise improper inference Rule 7(d) exists to prevent. The paragraphs are surplus "description" of substances "[not] legally essential to the charge," *see Oakar*, 111 F.3d at 157, and, like the gratuitous felony descriptor struck in *Poore*, they are inadmissible for any purpose tied to an element while carrying clear prejudice. *Poore*, 594 F.2d at 41. The analysis mirrors *Groos*, where the court struck background paragraphs that were not relevant to the elements and that were "likely to inflame passions that could cause jurors to judge the facts more harshly than they would if presented with an indictment strictly" charging the offense at issue. *Groos*, 616 F. Supp. 2d at 790. They should be struck.

**B. <u>The Indictment's list of long-term health harms attributed to THC (¶ A.g) is irrelevant and inflammatory.</u>**

Paragraph A.g defines THC and asserts: "Long-term use is associated with reduced intelligence quotient (IQ) scores, schizophrenia or other psychoses, anxiety, increased risk of suicidal ideation, planning, and attempts, and cyclic vomiting syndrome; THC is also known to have adverse reproductive consequences in both males and females." INDICTMENT at 3.

Whether marijuana use is associated with psychosis, suicidal ideation, diminished IQ, or reproductive harm is immaterial to every element of every count against Senator Lucas. The distribution and possession-with-intent offenses turn on agreement, knowledge, and drug quantity; the premises offense turns on knowing maintenance of a place for drug activity; the money-

laundering and honest-services counts turn on financial transactions and official acts. None requires proof, or is advanced one inch by proof, that the substance causes schizophrenia or suicide. This is not background that educates the factfinder about the charged scheme; it is a public-health indictment of a plant, deployed to portray Senator Lucas as causing grave harm.

The list of harms thus fails the relevance prong outright and is plainly inflammatory. Its probative value as to any element is not merely "substantially outweighed" by the danger of unfair prejudice, it is nonexistent. Fed. R. Evid. 403. As in *Groos*, such material is "background" that does not touch the elements and "is likely to inflame passions." *Groos*, 616 F. Supp. 2d at 790. The Court should strike Paragraph A.g.

### C. <u>The allegations concerning the 2020 protest and the firing of the Portsmouth Police Chief (General Allegation E) are irrelevant and inflammatory.</u>

General Allegation E recounts that on June 10, 2020, Senator Lucas allegedly "participated in certain protest activity in Portsmouth, VA"; that the Portsmouth Police Chief charged her with "two felony charges arising from the protests"; that "[a]fter the filing of these charges, the Chief was placed on leave"; that in November 2020 the Commonwealth's Attorney "dismissed the charges"; and that "[t]he Police Chief was fired the same day." INDICTMENT at 9.

This episode predates and is wholly disconnected from the charged marijuana enterprise, drug conspiracy, money laundering, honest-services scheme, and premises offense. The purported 2020 protest had nothing to do with marijuana, with any charged financial transaction, or with any official act alleged as part of the honest-services conspiracy. It proves no element of any count. Its evident purpose is to suggest, through the sequence of a chief placed on leave, charges dismissed, and the chief fired "the same day," that Senator Lucas wields her power to escape accountability and to see adverse officials removed. That is a character attack, not an essential fact, and it is calculated to prejudice. The prejudice is only sharpened by the allegation's own admission that the

charges were *dismissed*. Courts strike references to a defendant's prior convictions as inflammatory surplusage when they are not an element of the charged offense. *See Cohen*, 2018 WL 3822466, at *2 (striking prior-conviction allegations as "prejudicial and inflammatory under Rule 7(d) given the nature of the…offenses…charged"); *Griffin*, 2011 WL 3348030, at *2 (prior-conviction allegations "not relevant to the crimes charged" and presenting "a potential to prejudice and inflame the jury"). A reference to a dismissed arrest is weaker still as it carries all of the propensity sting with none of the probative force of a conviction. Allegations of this kind, unconnected to the charged scheme and included for their damning resonance, are an example of surplusage that is "neither relevant nor material to the charges" and "inflammatory." *Poore*, 594 F.2d at 41. General Allegation E should be struck in its entirety.

**D. The allegation that "[n]o state criminal prosecution has ever been initiated concerning the activity of The Cannabis Outlet" (General Allegation O) is irrelevant and inflammatory.**

General Allegation O states: "No state criminal prosecution has ever been initiated concerning the activity of The Cannabis Outlet." INDICTMENT at 10. The absence of a state prosecution is not an element of any federal offense charged. It makes no fact of consequence more or less probable. Fed. R. Evid. 401. Placed among allegations emphasizing Senator Lucas's political position and influence, its only rhetorical work is to insinuate that she improperly used that influence to forestall state enforcement, an insinuation nowhere required to prove the charged counts and corrosive to the presumption of innocence. Courts strike precisely this sort of language—words that "add nothing to the charges" but "lead the jury to draw improper inferences" about matters not charged. *DeFabritus*, 605 F. Supp. at 1547 (striking "among other things" for that reason). The paragraph is irrelevant and prejudicial and should be struck.

## V. **CONCLUSION**

For the foregoing reasons, Senator Lucas respectfully requests that the Court strike from the Indictment as surplusage under Federal Rule of Criminal Procedure 7(d) the above-described portions.

Respectfully submitted,

*/s/ Anthony Capozzolo*
Anthony Capozzolo (*pro hac*)
Lewis Baach Kaufmann Middlemiss PLLC
155 East 44th Street, 25th Floor
New York, NY 10017
Anthony.Capozzolo@lbkmlaw.com
212-826-7001

*/s/ E. Jon Gryskiewicz*
Eren Jon Alexander Gryskiewicz
VSB # 85591
Lewis Baach Kaufmann Middlemiss PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
Jon.Gryskiewicz@lbkmlaw.com
202-833-8900

Ahmed Almudallal (*pro hac*)
Jeffrey Robinson (*pro hac*)
Lewis Baach Kaufmann Middlemiss PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
Ahmed.Almudallal@lbkmlaw.com
Jeffrey.Robinson@lbkmlaw.com
202-833-8900

Andrew M. Sacks
VSB # 20082
Sacks & Sacks, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
andrewsacks@lawfirmofsacksandsacks.com
757-623-2753

Date: November 15, 2026

*Counsel for Defendant Lillie Louise Lucas*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ E. Jon Gryskiewicz*
Eren Jon Alexander Gryskiewicz
VSB # 85591
Lewis Baach Kaufmann Middlemiss PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
Jon.Gryskiewicz@lbkmlaw.com
202-833-8900