**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LILLIE LOUISE LUCAS, *et al.*,<br><br>Defendants. | Case No. 4:26-cr-75 |

**[PROPOSED] ORDER**

This matter came before the Court on Defendant Lillie Louise Lucas's Motion for Sanctions for Extrajudicial Statements That Violate Local Rule 57.1 (the "Motion"), brought pursuant to Local Criminal Rule 57.1(C) and the Court's inherent authority to supervise criminal proceedings and ensure a fair trial. Upon consideration of the Motion and the incorporated memorandum in support, the Declaration of Anthony M. Capozzolo and the exhibits attached thereto, any opposition and reply, and the record in this case, and for good cause shown, the Court FINDS that Attorney General Todd Blanche, Federal Bureau of Investigation ("FBI") Director Kash Patel, and First Assistant United States Attorney Theophani Stamos, each a lawyer or law enforcement personnel associated with the prosecution, released extrajudicial statements at the October 22, 2026 press conference announcing the Indictment in this case that a reasonable person would expect to be further disseminated by means of public communication, and that those statements expressed opinions as to Defendant Lucas's guilt and as to the merits of the case and the evidence in the case, in violation of Local Criminal Rule 57.1(C).

Accordingly, it is hereby ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

1. **Public Admonishment** and **Prohibition on Further Extrajudicial Statements**. Counsel for the United States is **PUBLICLY ADMONISHED** for violating Local Criminal Rule 57.1(C). The Court expressly disapproves of the extrajudicial statements identified herein and admonishes counsel to refrain from further statements inconsistent with Local Criminal Rule 57.1. During the pendency of this case, counsel for the parties and all law enforcement personnel associated with the prosecution or defense, including personnel of the Department of Justice ("DOJ") and the FBI, shall not make any extrajudicial statement concerning Defendant Lucas's guilt or innocence, the merits of the case, or the evidence in the case, in violation of Local Criminal Rule 57.1(C). This Order shall be entered upon the public docket and shall constitute the Court's formal admonishment of counsel for the conduct described herein.

2. **Curative Measures**. To protect the venire, the Court will conduct an expanded voir dire addressing prospective jurors' exposure to the October 22, 2026 press conference and related media coverage and social media posts. The parties shall submit proposed voir dire questions addressing such exposure at a schedule that will be determined by the court when it sets the pre-trial schedule. The Court reserves the authority to order such further curative measures as it deems necessary.

3. **Referral**. The violations found herein are REFERRED for appropriate disciplinary action, consistent with *In re Morrissey*, 168 F.3d 134 (4th Cir. 1999).

4. **Removal of Press Conference Video**. Within [____] days of the entry of this Order, DOJ shall remove the video of the October 22, 2026 press conference from the DOJ website and make it unavailable to the public, while preserving copies for the purpose of further litigation.

5. **Preservation of Communications**. DOJ shall preserve all communications, in electronic or any other format, on department or personal communications devices, by all DOJ and FBI personnel (including any communications staff) in which such persons discussed the press

conference and the content of any prepared remarks made by Attorney General Blanche, Director Patel, and First Assistant United States Attorney Stamos.

6. **Production of Website Analytics**. Within [____] days of the entry of this Order, DOJ shall produce to defense counsel website analytics showing the number of visits to, and/or the number of times the press conference video was viewed on, any DOJ website page that hosted the press conference video.

7. **Production of Social Media Analytics**. Within [____] days of the entry of this Order, DOJ shall obtain and produce to defense counsel analytics showing the number of views of the press conference, and of any related posts, from the following accounts:

a. the DOJ YouTube channel;
b. the DOJ X/Twitter account;
c. Director Patel's "@FBIDirectorKash" X/Twitter account; and
d. Attorney General Blanche's "@AGToddBlanche" X/Twitter account.

8. **Certification of Compliance.** Within [____] days of the entry of this Order, DOJ shall file an affirmation that this Order has been complied with, together with an explanation of the reasons for any failure to comply with any portion of this Order.

9. **Reservation**. Nothing in this Order precludes Defendant Lucas from seeking additional remedies should further evidence demonstrate the need for them.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED**.

______________________________
Jamar K. Walker
United States District Judge

Newport News, Virginia

Dated: _________________